IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID GATHINGS,

      Petitioner,                      No. 2:08-cv-2469 MCE KJN P

    vs.

IVAN D. CLAY, Warden,

      Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

       Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Preliminary Screening

       Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may

1

dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

Analysis

In his petition, petitioner challenges his January 12, 2001 conviction for voluntary manslaughter with a use of weapon enhancement.  Specifically, petitioner claims that the San Joaquin County Superior Court improperly sentenced him in violation of the principles announced in Cunningham v. California, 549 U.S. 270 (2007).  (Pet. at 4.)

The court's own records reveal that petitioner previously filed a petition for writ of habeas corpus attacking this same conviction.  See Case No. CIV S-04-2210 MCE KJN P.[1]  In that case, petitioner claimed that the trial court abused its discretion by imposing the upper term for the gun enhancement.  This court disagreed with petitioner's contention.  Accordingly, this court recommended denying petitioner's application for writ of habeas corpus on the merits.

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed. . . ." 28 U.S.C. § 2244(b)(2).  This is the case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

found the applicant guilty of the underlying offense.
28 U.S.C. § 2244(b)(2).  Before a second or successive petition permitted by statute can be filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

Here, petitioner has not obtained an order from the Ninth Circuit Court of Appeals authorizing the district court to consider his second or successive petition.[2]  Petitioner cannot proceed with his successive petition in this court unless and until he obtains such an order.[3]  Accordingly, petitioner's unauthorized second or successive petition should be dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit authorizing him to file a second or successive petition.

**CONCLUSION**

For the reasons discussed above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus be dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit authorizing petitioner to file a second or successive petition; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

---

[2] Petitioner may present a successive petition under such circumstances governed by 28 U.S.C. § 2244(b)(2)(A), which allows a second or successive habeas petition if "the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  Under 28 U.S.C. § 2244(b)(3)(A), however, this determination is made by the United States Court of Appeals upon a petitioner's motion for an order authorizing the district court to consider his second or successive petition.

[3] Petitioner contends that decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004) and Cunningham, 549 U.S. at 270, were not issued until after he filed his original federal petition in 2004.  (Pet. at 6.)  However, whether petitioner may raise this claim in a successive petition is still an issue for the Ninth Circuit to decide.  Petitioner is required to make his argument to the United States Court of Appeals in a motion for an order authorizing the district court to consider his second or successive petition.

3

one days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 9, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gath2469.156